IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RYAN ANTHONY DEVINE,

    Plaintiff,

v.

PRIMECARE MEDICAL, INC.,

    Defendant.

Civil No. 09-6023

**OPINION AND ORDER**

Slomsky, J.

**July 19, 2010**

## I. INTRODUCTION

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 10). On December 18, 2009, Plaintiff filed an application to proceed in district court without paying fees or costs. (Doc. No. 1). On December 30, 2009, this Court issued an Order granting Plaintiff leave to proceed *in forma pauperis* and directing that Plaintiff's Complaint be filed. (Doc. No. 2). Plaintiff's Complaint was filed on December 30, 2009, alleging claims arising under 42 U.S.C. § 1983. (Doc. No. 3).

On February 23, 2010, Defendant filed the instant Motion to Dismiss. (Doc. No. 10, Def. Mot. To Dismiss (hereinafter "Def. Mot.")). Plaintiff was properly served with the Motion, (Def. Mot., at 16, Certificate of Service), and no response was timely made. Therefore, on May 3, 2010, this Court issued an Order directing Plaintiff to show cause why Defendant's Motion to Dismiss should not be granted. (Doc. No. 11). Plaintiff has not filed a response. For the reasons discussed below, the Court will grant Defendant's Motion to Dismiss.

-1-

## II. STATEMENT OF FACTS

For the purposes of a motion to dismiss, the Court must accept all of the Complaint's well-pleaded facts as true.[1] Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). At the time Plaintiff filed his Complaint, he was incarcerated in the Chester County Prison. (Doc. No. 3, Pl. Compl., at 1 (hereinafter "Compl.")). Defendant Primecare Medical, Inc., is the prison's medical provider. Plaintiff brought his suit under 42 U.S.C. § 1983 against Primecare and alleged in his Complaint as follows:

> I saw a doctor about my pain in my pelvic area. I explained to her how I broke off a [chunk] of bone on the left side of my pelvic area. She then asked me what had happened to the chunk of bone that broke off. I told her that the doctors told me it would disintegrate as I got older when it first happened to me. She then asked me to stand up and move my leg around to see if I have full range of motion in my left leg. Which I do but it hurts all day every day. Then she had seen I abused pain killers on the street. When she asked why I told her because I didn't have insurance and the emergency room bills are expensive. She told me that all of this was hard to believe and wanted my medical records so I signed a release so the medical department could obtain them on Oct 26th. It's been 6 weeks since then and still no response. Since no progress has been made with the medical stuff I immediately tried to obtain a grievance from Director Jack Healy but have been ignored. And to this day I'm still going through pain daily without any medication.

(Compl., at 3). Plaintiff also alleged that he has been in the Chester County Prison since August 29, 2009, and "been trying to be properly assessed and put on proper pain medication but there has been no progress made to this day December 13th 2009." (Compl., at 6).

---

[1] The factual allegations contained in Plaintiff's Complaint are liberally construed, as pleadings filed by *pro se* plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Fed. R. Civ. P. 8(e) ("[p]leadings must be construed so as to do justice").

-2-

## III. MOTION TO DISMISS STANDARD

The motion to dismiss standard under Rule 12(b)(6) has been the subject of recent examination, culminating with the Supreme Court's Opinion in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). After Iqbal it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 1949; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Applying the principles of Iqbal, the Third Circuit in Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) articulated a two part analysis that district courts in this Circuit must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss. See also Edwards v. A.H. Cornell & Son, Inc., No. 09-3198, 2010 WL 2521033, *2 (3d Cir. June 24, 2010). First, the factual and legal elements of a claim should be separated, meaning "a District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler, 578 F.3d at 210-11. Second, the Court must determine whether the facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim for relief." Id. at 211. In other words, a complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Id. (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'— 'that the pleader is entitled to relief.'" Iqbal, 129 S Ct. at 1950; Jones v. ABN Amro Mortg. Group, Inc., 606 F.3d 119, 123 (3d Cir. 2010). This "plausibility" determination under step two of the analysis is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S Ct. at 1950.

## IV. DISCUSSION

### A. Defendant's Motion is Uncontested

Local Rule 7.1(c) of the Eastern District of Pennsylvania Local Rules of Civil Procedure provides that:

> any party opposing [a] motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In the absence of a timely response, the motion may be granted as uncontested [except as to motions for summary judgment].

A court may, in its discretion, grant a defendant's motion to dismiss as uncontested if a plaintiff fails to file a timely response. McNiff v. Asset Management Specialists, Inc., 337 F. Supp. 2d 685, 687 n.2 (E.D. Pa. 1004); Seamon v. Algarin, 2007 U.S. Dist. LEXIS 60406, at *1 n. 1 (E.D. Pa. Aug. 17, 2007); see also Sawka v. Healtheast, Inc., 989 F.2d 138, 139-40 (3d Cir. 1993) (approving of former Local Rule 20(c) which contained the same language as current Local Rule 7.1(c)). Additionally, a failure to advise the Court of an address change, and a resultant inability to contact the party may also result in a motion being treated as unopposed under Local Rule 7.1(c). Seamon, 2007 U.S. Dist. LEXIS 60406, at *1 n.1.

Here, Plaintiff has failed to respond to Defendant's Motion to Dismiss, which was filed on February 23, 2010. Plaintiff was incarcerated at the time Defendant's Motion was filed,[2] and received service of the Motion while in prison. (Def. Mot., at 16, Certificate of Service). Plaintiff did not file a timely response. Accordingly, two months after Defendant's Motion was filed, this Court issued an Order to Show Cause to Plaintiff, directing him to show cause in a

---

[2] The Court contacted the Chester County Prison and was informed that Plaintiff was released on April 28, 2010.

brief to the Court within 30 days why Defendant's Motion should not be granted. (Doc. No. 11). The Order was sent by the Clerk of Court to Defendant's last known address at Chester County Prison. The copy of the Order was returned by the U.S. Postal Service as "not deliverable as addressed, unable to forward" on May 12, 2010. (See Docket Entry of 5/12/10; see also Doc. No. 12, Order and Envelopes, and Docket Entry of 7/16/10). The Court then contacted the Chester County Prison and was informed that Plaintiff was released on April 28, 2010. The Court obtained the address he had furnished to the prison as a forwarding address. A copy of the Order was sent to this address, but was returned to the Court by the U.S. Postal Service as "not deliverable as addressed, unable to forward." (See Doc. No. 12, Order and Envelopes, and Docket Entry of 7/16/10). A hand written note on the envelope states "not at this address." (Id.)

Because Plaintiff was served with Defendant's Motion to Dismiss at the time it was filed and failed to file a response in opposition to the Motion, and because Plaintiff failed to update the Court as to his change of address after his release and failed to respond to the Court's Order to Show Cause, the Court will consider the Motion as unopposed and will proceed to decide the Motion.

### B. Plaintiff's Claim

Even if Plaintiff had responded to Defendant's Motion, the Court would nonetheless dismiss his Complaint. Plaintiff's sole claim is that Defendant's staff refused to provide him with pain medication upon his request. Based on his averments, the Court assumes Plaintiff's claim under 42 U.S.C. § 1983 is based on a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

In order to state a claim for cruel and unusual punishment under the Eighth Amendment

-5-

based on inadequate medical care, plaintiff must allege "'[1] deliberate indifference to [2] serious medical needs.'" Thomas v. Dragovich, 142 Fed. Appx. 33, 35 (3d Cir. 2005) (quoting Estelle v. Gamble, 429 U.S. 97, 97 (1976)). First, to prove deliberate indifference, Plaintiff must demonstrate that Defendant (1) knew of and disregarded an excessive risk to inmate health or safety or (2) was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that Defendants "drew that inference." Farmer v. Brennan, 511 U.S. 825, 825 (1994). "Deliberate indifference . . . requires obduracy and wantonness which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Second, for Plaintiff's injury to be considered a serious medical need, it must be "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991).

However, "mere negligence" does not violate the Eighth Amendment. Thomas, 142 Fed. Appx. at 35 (quoting Estelle, 429 U.S. at 97). Thus, "decisions by prison medical staff relating to the exercise of professional judgment, even though they may constitute medical malpractice, are not violative of the Eighth Amendment." Id. (citing Estelle, U.S. at 106). Furthermore, "'mere disagreements as to the proper medical treatment' is likewise insufficient to establish a Constitutional violation." Id. (quoting Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)). "'Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" Ascenzi v. Diaz, 247 Fed. Appx. 390, at *1 (3d. Cir. 2007) (quoting United States ex rel. Walker v.

Fayette County Pennsylvania, 599 F.2d 573, 575 n.2 (3d Cir. 1979)).

Here, Plaintiff has not alleged facts which constitute deliberate indifference, and has not alleged facts indicating that he suffered from a serious medical need. Plaintiff alleged that he was in pain, and that he requested pain medication from Defendant's medical staff. (Compl., at 3). Plaintiff alleges that the doctor examined him to ensure that he had use of the affected limb and full range of movement. (Id.) Plaintiff admits he had full use and range of movement of the affected limb. (Id.) Plaintiff further alleges that the doctor questioned him about his history of drug abuse, and stated she found his explanation of his pain and drug abuse "hard to believe." (Id.) She concluded by requesting his permission to access his prior medical records, presumably in order to further investigate Plaintiff's reported infirmity and his prior drug use. (Id.)

Plaintiff's allegations focus on Defendant's failure to provide him with a requested pain reliever, not on Defendant deliberately ignoring his medical needs. Indeed, Plaintiff alleges he received medical attention from Defendant. Plaintiff's disagreement with Defendant on the treatment he was provided does not constitute deliberate indifference. Furthermore, although Plaintiff alleged that he suffered from pain, he also alleged that he had full range of motion in the affected area, suggesting that he did not suffer from a serious medical need – a prerequisite for finding an Eighth Amendment violation. Accordingly, Plaintiff has failed to plead facts which state a § 1983 claim for cruel and unusual punishment under the Eighth Amendment, and Defendant's Motion to Dismiss will be granted.[3]

---

[3] Defendant also argues that in order for a corporate medical provider to be held liable under § 1983, Plaintiff must allege Defendant had policies or customs that caused constitutional violations. Defendant argues Plaintiff has failed to do so. Because Defendant's Motion will be granted based on Plaintiff's failure to allege facts which state a § 1983 claim for cruel and unusual punishment, the Court will not reach this argument.

## V. CONCLUSION

In sum, Plaintiff failed to respond to Defendant's Motion, and therefore the Court will treat Defendant's Motion as if it is uncontested. Furthermore, considering the facts set forth in the Complaint as true, Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, Defendant's Motion will be granted, and Plaintiff's Complaint will be dismissed with prejudice. An appropriate order follows.